1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    NORTHERN DISTRICT OF CALIFORNIA

9

10   PETERSEN-DEAN INC.,

11          Plaintiff,                    Case No. 15-cv-05522-NC

12      v.                                **ORDER TO SHOW CAUSE RE:
                                           JURISDICTION**
13   DIETER FOLK, et al.,
                                          Re: ECF 99, 108
14          Defendants.

15

16          Before the Court are plaintiff's Motion to Vacate Dismissal and Enforce Settlement

17   Agreement (ECF 99) and defendants' Counter-motion to Compel Arbitration (ECF 108).

18   Both motions arise from the settlement agreement that resolved this case.  On September

19   14, 2016, the parties filed a "Stipulation of Dismissal With Prejudice" under Federal Rule

20   of Civil Procedure 41(a)(1)(A)(ii).  ECF 93.  That same day, the Court granted the

21   proposed order and dismissed the case with prejudice.  ECF 94.

22          Before the Court may assess the merits of the competing motions, it first must

23   consider whether it has jurisdiction to do so.  Federal district courts are courts of limited

24   jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which

25   is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

26   U.S. 375, 377 (1994) (citation omitted).  Accordingly, "[i]t is to be presumed that a cause

27   lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon

28   the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d

1115, 1122 (9th Cir. 2010).

In *Kokkonen*, the Supreme Court considered whether it had jurisdiction to enforce the terms of a settlement agreement reached in a U.S. district court. The Court found that it did not, unless the Court "embod[ied] the settlement contract in its dismissal order" or "retain[ed] jurisdiction over the settlement contract." 511 U.S. at 381-82.

None of the exceptions in *Kokkonen* applies here. The parties in their Stipulation of Dismissal did not ask the Court to retain jurisdiction and did not expressly incorporate the terms of the settlement agreement. ECF 93. The Court's dismissal order accordingly did not retain jurisdiction. ECF 94.

The Court finds that the post-settlement disputes presented here are of the same type that were dismissed in *Kokkonen* and *Warner v. Cate*, Case No. 11-cv-05039 YGR, 2017 WL 5560651 (N.D. Cal. Nov. 20, 2017). Here, as in those cases, it appears that the Court lacks jurisdiction to enforce the settlement agreement.

In addition, the Court is not persuaded that plaintiff's motion to set aside the dismissal under Federal Rule of Civil Procedure 60(b)(6) is timely. A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c). Here, the dismissal was entered September 14, 2016, and plaintiff's motion to set aside the dismissal was filed January 17, 2018, which is more than 16 months later.

The Court therefore orders both parties to show cause in writing filed by February 20, 2018, why it has jurisdiction to consider the motions at ECF 99 and 108. The Court VACATES the February 21 hearings in this case and will re-notice them if it determines that jurisdiction is satisfied.

**IT IS SO ORDERED.**

Dated: February 13, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge