UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETERSEN-DEAN INC.,
    Plaintiff,
    v.
DIETER FOLK, et al.,
    Defendants.

Case No. 15-cv-05522-NC

**ORDER ON POST-SETTLEMENT MOTIONS**

Re: ECF 99, 108, 128, 129, 131, 132, 136, 137

Before the Court are a tidal wave of motions filed after the 2016 settlement and dismissal of this copyright and trademark infringement case. Plaintiff Petersen-Dean seeks to vacate the dismissal, to enforce the settlement, and to enter judgment (ECF 99, 137), while defendants oppose these requests and seek to compel enforcement of the settlement through arbitration (ECF 108). The central question for resolving all the motions is whether this Court possesses jurisdictional authority to enforce the settlement agreement. Because I conclude that the Court lacks jurisdiction, I decline to wade into the deeper waters of interpreting and enforcing the parties' settlement agreement.

I.     PROCEDURAL BACKGROUND

Only the most relevant settlement-related events are summarized here. On March 24, 2016, I referred the case to Magistrate Judge Sallie Kim in San Francisco for a settlement conference. Judge Kim diligently facilitated settlement communications among

1  the parties, as documented at ECF 57, 59, 79, and 88. A transcript of the settlement
2  proceedings before Judge Kim on August 11, 2016, is filed under seal at ECF 108-5, and
3  in part is publicly described in the declaration of Jim Petersen at ECF 101. On August 25,
4  2016, Petersen-Dean filed a settlement status report. ECF 82. That report stated that this
5  matter had mostly settled but awaited approval by defendants Jeffrey Maxfield and Bryce
6  Robicheau. "Upon execution of said document by the remaining Defendants all of the
7  actions will be dismissed in their entirety." ECF 82 at p. 2. On September 14, 2016,
8  counsel for all parties reported to me that the case settled and that a dismissal would be
9  filed that same day. ECF 92. As promised, later that day the parties filed a "Stipulation of
10 Dismissal With Prejudice" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The Stipulation of
11 Dismissal was accompanied by a proposed order. ECF 93-1. The proposed order
12 requested that "the instant matter is dismissed with prejudice as to Defendants JAJ
13 Roofing, Inc. dba Citadel Roofing and Solar; Dieter Folk; and Wendy Zubillaga." *Id.* I
14 granted the proposed order. ECF 94. The Stipulation of Dismissal did not recount the
15 terms of settlement and did not ask the Court to retain jurisdiction to enforce the
16 settlement. And the Order of Dismissal, ECF 94, did not retain jurisdiction.

17 Yet after the settlement and dismissal, the parties returned to litigation in this Court.
18 Now before the Court are ECF 99 (Petersen-Dean's motion to vacate dismissal, motion for
19 writ of attachment and right to attach order, and motion to enforce settlement agreement);
20 ECF 108-3 (Defendant's opposition to ECF 99 and counter-motion to compel arbitration of
21 settlement); ECF 128 (Petersen-Dean's motion for leave to file supplemental declaration of
22 George Milionis); ECF 129 (Petersen-Dean's motion to file under seal); ECF 131
23 (Stipulation to file Milionis declaration); ECF 132 (motion for hearing); ECF 136 (motion
24 to seal portions of Petersen-Dean's motion for entry of judgment and enforcement of
25 settlement agreement); and ECF 137 (Petersen-Dean's motion to enforce settlement and
26 entry of judgment per settlement agreement). On February 13, 2018, I issued an Order to
27 Show Cause Re: Jurisdiction. ECF 118. I ordered the parties to show cause why the Court
28 has jurisdiction to consider the motions at ECF 99 and 108 asking the Court to enforce the

2

settlement agreement. This Order complements the Order to Show Cause at ECF 118.

Petersen-Dean's motion at ECF 137 (to enforce settlement and enter judgment) was noticed to Judge Kim. But under Civil Local Rule 7-1(b), motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order. As this action is assigned to me, not Judge Kim, I assess ECF 137 in this order.

II. ANALYSIS

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

In the post-settlement motions before this Court, the only assertion of jurisdiction is that the Court should continue or reopen the jurisdiction it exercised over the underlying federal copyright and trademark case. There is no claim that the motions to enforce the settlement agreement independently raise a federal question (they do not) or are between parties with diverse citizenship (they are not). The question presented is whether federal subject matter jurisdiction may be reestablished after settlement even when the parties did not ask, and the Court did not retain jurisdiction at the time of dismissal.

In general, '[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.'" *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) (quoting *Kokkonen*, 511 U.S. at 378). But "a federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract" and a party alleges a violation of the settlement.

3

*Id.* Under those circumstances, a breach of the agreement is a violation of the court's order, and the court has jurisdiction to enforce the agreement. *Kokkonen*, 511 U.S. at 381; *e.g., Nordstrom v. Ryan*, 2019 WL 2304039, at *2 (D. Ariz. May 15, 2019), reconsideration denied, 2019 WL 2303321 (D. Ariz. May 30, 2019).

None of the exceptions in *Kokkonen* applies here. The parties in their Stipulation of Dismissal did not ask the Court to retain jurisdiction and did not expressly incorporate the terms of the settlement agreement. ECF 93. The Court's dismissal order accordingly did not retain jurisdiction. ECF 94.

The Court finds that the post-settlement disputes presented here are of the same type that were dismissed in *Kokkonen*, *O'Connor v. Colvin*, 70 F.3d 530 (9th Cir. 1995), and *Warner v. Cate*, Case No. 11-cv-05039 YGR, 2017 WL 5560651 (N.D. Cal. Nov. 20, 2017). Here, as in those cases, the Court lacks jurisdiction to enforce the settlement agreement.

One of the arguments made by Petersen-Dean in favor of jurisdiction is that Judge Kim retained jurisdiction as part of the settlement agreement. I am not persuaded that this is sufficient for this Court to exert jurisdiction now. *First*, as a legal question the settlement judge "retaining jurisdiction" is not one of the exceptions to limited jurisdiction identified by the Supreme Court in *Kokkonen*. 511 U.S. at 381. There, the Supreme Court identified two ways that the presiding judge could maintain jurisdiction: (1) retaining jurisdiction as part of the order of dismissal, or (2) incorporating the terms of the settlement into the dismissal order. I am not persuaded that I should expand *Kokkonen* to apply to terms in a settlement agreement that are *not* incorporated into the order of dismissal. *Second*, as a factual matter, Judge Kim did not retain jurisdiction to enforce the settlement agreement here. What Judge Kim said was: "And the Federal Court will retain jurisdiction over the stipulated judgment." ECF 108-5 at 5:16-17. This is something less than retaining jurisdiction to interpret and enforce the entire settlement agreement, which is what both parties ask the Court to do now.

In addition, the Court is not persuaded that plaintiff's motion to set aside the

4

dismissal under Federal Rule of Civil Procedure 60(b)(6) (for "any other reason that justifies relief") is timely or is needed to accomplish justice. A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Here, the dismissal was entered September 14, 2016, and plaintiff's motion to set aside the dismissal was filed January 17, 2018, which is more than 16 months later. Rule 60(b)(6) is a "grand reservoir of equitable power," *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992), and it affords the Court the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005). The decision to grant Rule 60(b)(6) relief is a "case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009) (citations omitted). Balancing these factors here, the Court finds that setting aside dismissal in this forum is not needed to accomplish justice. The parties have available alternatives to litigating a breach of settlement dispute in this Court: arbitration and state court.

Accordingly, I DENY the motions at ECF 99, 108-3 and 137 for lack of jurisdiction.

Finally, I GRANT unopposed motions ECF 128 (motion for leave to file George Milionis declaration and for leave to file certain materials under seal), ECF 129 (motion to file certain materials under seal), ECF 131 (stipulation for leave to file supplemental declaration of Milionos), and ECF 136 (motion to file under seal) for good cause shown. And I DENY ECF 132 (motion for hearing) pursuant to Civil Local Rule 7-1(b) because in my discretion no oral argument was needed to resolve the motions.

**IT IS SO ORDERED.**

Dated: November 15, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge